UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 1:18-cr-00211-JPH-TAB-1 |
| ANNA HARRIS-HARDEN, | ) ) ) |
| Defendant. | ) |

**ORDER DENYING MOTION FOR ORDER REDUCING SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(1)(A)(i)**

Pending before the Court is Anna Harris-Harden's Motion for Order Reducing Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), dkt. [70], filed pursuant to § 603 of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5239 (2018). Ms. Harris-Harden seeks immediate release and the reduction of her sentence to time served. Dkt. 70.

Ms. Harris-Harden, by counsel, filed her motion on June 3, 2020. *Id.* The Government responded in opposition on June 17, 2020. Dkt. 75. Ms. Harris-Harden filed her reply on June 24, 2020. Dkt. 76. The motion for sentence reduction is now ripe for the Court's consideration.

Because Ms. Harris-Harden waived her right to file a motion under § 3582, her motion is **DENIED**.

**I. Background**

After pleading guilty to Possession with Intent to Distribute 40 Grams or More of a Mixture or Substance Containing Fentanyl, in violation of 21 U.S.C. § 841(a)(1), dkt. 53; 58, Ms. Harris-Harden was sentenced on September 16, 2019, to 71 months of imprisonment, followed by 4 years of supervised release. Dkt. 58. The Amended Judgment was entered on September 25, 2019. Dkt.

61.[1] Ms. Harris-Harden has served her sentence to date at Federal Medical Center Lexington ("FMC Lexington"), and her projected release date is on or about November 16, 2023. Dkt. 75 at 2.

## II. Discussion

Ms. Harris-Harden seeks compassionate release under § 603 of the First Step Act. As relevant here, § 603 amended 18 U.S.C. § 3582(c)(1)(A) to allow inmates to bring motions for sentence reduction based on "extraordinary and compelling reasons" directly with courts. *See* 132 Stat. at 5239. Before the First Step Act was enacted on December 21, 2018, only the Bureau of Prisons could bring such a motion. Ms. Harris-Harden argues that her medical conditions combine with the COVID-19 pandemic to present extraordinary and compelling reasons to grant her motion for compassionate release. The Government opposes Ms. Harris-Harden's motion on three grounds: (1) she waived her right to bring a § 3582 motion; (2) she has not established extraordinary and compelling reasons to reduce her sentence; and (3) the § 3553(a) factors counsel against a reduction.

Ms. Harris-Harden's argument that extraordinary and compelling reasons support a sentence reduction rests in part on the existence of a COVID-19 outbreak at FMC Lexington. Dkt. 70 at 12. Ms. Harris-Harden also argues that she is "at a significant risk of contracting and developing life-threatening complications from an exposure to COVID-19 because she suffers from chronic bronchitis" and based upon medical records "almost certainly" obstructive lung disease. Dkt. 70 at l.

The Court does not assess the merits of Ms. Harris-Harden's motion for compassionate release because she waived the right to bring such a motion.

---

[1] An Amended Judgment was entered due a Clerical error in the Judgment, dkt. 59.

2

Ms. Harris-Harden signed a plea agreement that was filed with the petition to enter a plea of guilty on April 3, 2019. Dkt. 51. Paragraph 24 of the plea agreement contains a waiver provision regarding later legal challenges:

> **Later Legal Challenges:** Additionally, the defendant expressly agrees not to contest, or seek to modify, the defendant's conviction or sentence or the manner in which either was determined in any later legal proceeding, including but not limited to, an action brought under 18 U.S.C. § 3582 or 28 U.S.C. § 2255. As concerns this Section 3582 waiver, should the United States Sentencing Commission and/or Congress in the future amend the Sentencing Guidelines to lower the guideline range that pertains to the defendant's offenses and explicitly make such an amendment retroactive, the Government agrees that it will not argue that this waiver bars the defendant from filing a motion with the district court pursuant to 18 U.S.C. § 3582 (c) (2) based on that retroactive Guidelines amendment. However, if the defendant files such a motion, the Government may oppose the motion on any other grounds. Furthermore, should the defendant seek to appeal an adverse ruling of the district court on such a motion, the Government may claim that this waiver bars such an appeal. As concerns the Section 2255 waiver, the waiver does not prevent claims, either on direct or collateral review, that the defendants received ineffective assistance of counsel.

*Id.* at 11.

"When the defendant pursuant to the plea agreement has knowingly and voluntarily waived his appellate rights, and the terms of that waiver are express and unambiguous, we will enforce those terms." *United States v. Smith*, 759 F.3d 702, 706 (7th Cir. 2014). The same rule applies to waivers of the right to file a motion for sentence reduction. *See United States v. Soto-Ozuna*, 681 F. App'x 527, 528 (7th Cir. 2017) (holding that motion for sentence reduction under 18 U.S.C. § 3582(c)(2) was barred by plea waiver agreeing not to "seek to modify his sentence . . . in any type of proceeding."). Plea waivers are upheld and enforced with limited exceptions in cases in which (1) "the plea agreement was involuntary," (2) "the district court relied on a constitutionally impermissible factor (such as race)," (3) "the sentence exceeded the statutory maximum," or (4) the defendant claims ineffective assistance of counsel in relation to the negotiation of the plea

3

agreement. *Keller v. United States*, 657 F.3d 675, 681 (7th Cir. 2011) (internal quotation marks and quoted authority omitted); *Gaylord v. United States*, 829 F.3d 500, 505 (7th Cir. 2016).

Here, the express terms of the plea waiver in Paragraph 24 forbid Ms. Harris-Harden from doing what she seeks to do with her motion for compassionate release—that is, seeking to modify her sentence "in any later legal proceeding, including but not limited to, an action brought under U.S.C. § 3582."[2] The Court found that Ms. Harris-Harden's plea was knowing and voluntary. Dkt. 58 at 1; dkt. 66 at 18. During the plea colloquy, the Court questioned Ms. Harris-Harden about her understanding of Paragraph 24. Dkt. 66 at 15-17. She indicated that she had read Paragraph 24, reviewed it with her attorney, understood what it meant, did not have any questions about it, and that she understood she was waiving her right to contest her sentence in the circumstances set forth in the plea agreement. *Id.* at 16-17.

Some courts have refused to enforce plea waivers where the defendant was sentenced years before the First Step Act was passed on December 21, 2018, thereby making it impossible for the defendant to "knowingly" waive any claim under the Act. *See, e.g., United States v. Ellerby*, No. CR CCB-07-064, 2020 WL 2395619, at *2 (D. Md. May 12, 2020) (defendant who pled guilty in 2016 could not have waived his right to bring a motion under the First Step Act); *United States v. Burrill*, No. 17-CR-00491-RS-1, 2020 WL 1846788, at *2 (N.D. Cal. Apr. 10, 2020) (movant for compassionate release who waived his right to seek relief under § 3582 in 2017 was not barred).

---

[2] A motion for compassionate release under § 603 of the First Step Act is a motion under 18 U.S.C. § 3582(c) (1)(A). In *United States v. Sutton*, the Seventh Circuit held that the First Step Act and not Section 3582(c)(1)(B) is the "vehicle" through which a defendant seeks relief. *Sutton*, No. 19-2009, 2020 WL 3428076, at *4 (7th Cir. June 23, 2020). But that holding is limited to motions seeking relief under § 404(b) of the First Step Act. *Sutton*, 2020 WL 3428076, at *4 ("Critically, and *unlike the other two exceptions to § 3582(c)*, subsection (c)(1)(B) does not even refer to who can move for modification or how." (emphasis added)). Regardless, Ms. Harris-Harden's plea waiver prohibited her from seeking to modify her sentence in "any later legal proceeding," which plainly encompasses her motion for compassionate release.

4

But this is not such a case because Ms. Harris-Harden signed her plea waiver in April 2019—a few months after the First Step Act was enacted. This is also not a case in which the plea agreement precluded only "collateral attacks" against the defendant's sentence without any mention of § 3582. *See United States v. Chavez-Salais*, 337 F.3d 1170, 1172 (10th Cir. 2003) (plea agreement did not bar a motion to reduce sentence under § 3582 where it only referenced "collateral attacks").

Ms. Harris-Harden argues in her reply that she "did not knowingly waive this particular right to seek a reduction in sentence under 18 U.S.C. § 3582 as it is presently construed" and "it does not appear that [she] (or the parties) could have contemplated the need for her to seek a reduction from the Court in light of a once in a 100 year pandemic due to COVID-19." Dkt. 76 at 2. But the portions of the First Step Act that amended § 3582 and allowed defendants to bring motions for compassionate release directly with the district court were in effect as of December 21, 2018, a few months before she entered into the plea agreement. The plea agreement specifically bars actions brought under § 3582. The plea agreement further acknowledges that if Congress lowered the applicable guideline range and made it retroactive, the Government would not argue that the § 3582 waiver bars a motion brought based on the retroactive guideline amendment. This exception to one type of § 3582 motion did not include motions for compassionate release even though, at the time of the plea, § 3582 was a vehicle for compassionate release. Ms. Harris-Harden has not cited any authority holding that a waiver of a right is not knowing and voluntary simply because the right is a relatively new one.

And there is no generalized rule that "unforeseen events" render a plea waiver invalid. To the contrary, the Seventh Circuit has enforced plea waivers even when significant unforeseen events occur after the plea waiver was signed. For example, in *United States v. Bownes*, 405 F.3d 634 (7th Cir. 2005), the defendant signed an appeal waiver. After he was sentenced, the Supreme

5

Court decided *United States v. Booker*, 543 U.S. 220 (2005). The defendant filed a direct appeal and argued that his appeal waiver was not knowing and intelligent because he could not have anticipated *Booker* and *Booker* effected a "sea change" in the law. The Seventh Circuit rejected this argument and enforced the plea waiver, reasoning:

> In a contract (and equally in a plea agreement) one binds oneself to do something that someone else wants, in exchange for some benefit to oneself. By binding oneself one assumes this risk of future changes in circumstances in light of which one's bargain may prove to have been a bad one. That is the risk inherent in all contracts; they limit the parties' ability to take advantage of what may happen over the period in which the contract is in effect.

*Id.* at 636. While COVID-19 has wrought unprecedented circumstances, under the facts presented here the waiver provision is valid and thus must be enforced. *See Bownes*, 405 F.3d at 636; *United States v Egebrecht*, No. 2:17-cr-00007-JRS-CMM-01, Dkt. 72 (S.D. Ind. June 29, 2020) (denying motion for compassionate release because defendant waived right to file motion in plea agreement signed in April 2019).

### III. Conclusion

For the above reasons, Ms. Harris-Harden's Motion for Order Reducing Sentence, dkt. [70], is **DENIED**.

**SO ORDERED.**

Date: 9/22/2020

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

All Electronically Registered Counsel