UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 1:18-cr-211-JPH-TAB-01 |
| v. | ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) |
| ANNA HARRIS-HARDEN | (COMPASSIONATE RELEASE) |

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission, IT IS ORDERED that the motion is:

☒ DENIED. In June 2020, Defendant (who was represented by appointed counsel) filed a motion for compassionate release under § 3582(c)(1)(A)(i), which allows the Court to reduce a sentence if a defendant shows an "extraordinary and compelling reason" warranting a sentence reduction. Dkts. 70, 71. Defendant argued that an extraordinary and compelling reason warranted a sentence in her case because she suffers from medical conditions that increase her risk of experiencing life-threatening complications if she contracts COVID-19. Dkt. 71.

On September 22, 2020, the Court denied Defendant's motion for compassionate release. Dkt. 77. It held that Defendant's motion was barred because her plea agreement prohibited her from seeking to "modify [her] sentence . . . in any later legal proceeding, including but not limited to, an action brought under 18 U.S.C. § 3582." *Id.* at 3 (quoting dkt. 51 at 11). Defendant did not appeal that ruling, and her counsel later withdrew. Dkts. 79, 80.

On January 28, 2021, Defendant filed a pro se renewed motion for compassionate release. Dkt. 81. Again, she argues that her health conditions place her at risk of experiencing severe symptoms if she contracts COVID-19. *Id.* She explains that she tested positive for COVID-19 on

December 19, she lost her sense of taste for 16 days, she still has not regained her sense of smell, and she has extreme fatigue and fogginess some mornings. *Id.* at 2. She also offers various complaints about the way her current facility (FMC Lexington) has handled the COVID-19 pandemic. *Id.* at 1–6. Defendant does not ask this Court to reconsider its previous holding about her motion for compassionate release being barred by her plea waiver, or even acknowledge that holding or the existence of her plea waiver.

The Court does not question the sincerity of Ms. Harris-Harden's concerns that she may be reinfected with COVID-19, that such reinfection may present danger to her, and that FMC Lexington's response to the difficulties presented by COVID-19 could have been better. The pandemic has undoubtedly caused Ms. Harris-Harden, like many other people, to suffer hardship and has likewise challenged the BOP, like virtually every other institution, to develop best practices for operating safely and effectively in the conditions presented by COVID-19. This, however, does not and cannot change the legal conclusion that Ms. Harris-Harden waived the right to file a motion for compassionate release in her plea agreement and that she is bound by that agreement. Dkt. 77. Ms. Harris-Harden's renewed motion, dkt. [81], offers no basis to change this conclusion and is **denied**.

**SO ORDERED.**

Date: 2/4/2021

                                                         *James Patrick Hanlon*
                                                         James Patrick Hanlon
                                                         United States District Judge
                                                         Southern District of Indiana

Distribution:

Anna Harris-Harden
Reg. No. 16483-028
FMC Lexington
Federal Medical Center
Satellite Camp
P.O. Box 14525
Lexington, KY 40512

All Electronically Registered Counsel